IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER DARE,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 13 C 597
                                 )
THOMAS DART, et al.,             )
                                 )
            Defendants.          )

MEMORANDUM ORDER

Christopher Dare ("Dare") has employed the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint, which is provided by the Clerk's Office for use by persons in custody, to charge violations of his constitutional rights by Cook County Sheriff Thomas Dart and some unnamed "Cook County Sherriff Officers." This memorandum order is issued sua sponte to identify a few problematic aspects of that pleading. But because two different elements really establish preconditions to bringing this type of lawsuit, the sequence in which those should be addressed here is a bit uncertain.

For one thing, 42 U.S.C. §1997e(a) makes the exhaustion of all available administrative remedies a precondition to such a prisoner's action. Dare does allege that he pursued grievances on the subject (unfortunately to no avail) but the extremely poor quality of the photocopies of those grievances delivered to this Court's chambers together with the Judge's Copy of the Complaint makes it impossible to tell whether he has met the statutory

requirement. For the present this Court will assume that he has done so, but arrangements must be made promptly after Sheriff Dart is served to provide legible copies.

What is plainly not among Dare's submissions is the printout of transactions in his trust fund account at the Cook County Department of Corrections ("County Jail") for the six months preceding the filing of suit, as required by 28 U.S.C. §1915(a)(2)--in this instance that would encompass the period from July 1, 2012 to January 13, 2013. That latter date may not be precisely correct, but this Court has sought to give Dare the benefit of the "mailbox Rule" (see Houston v. Lack, 487 U.S. 266 (1988)) by taking the January 13 date from the certificate of the County Jail's trust fund officer.[1]

With those preliminaries out of the way, this memorandum order turns to the substance of Dare's claim. It is clear that the alleged misconduct by officers at the County Jail cannot be placed at Sheriff Dart's door under the principle announced in Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978). As for the identity of Dare's targeted officers, which is unknown to him at this time, this Court will permit the action to remain pending (that is, as long as Dare

---

[1] To minimize any difficulty in providing the missing information, a copy of this memorandum order is being transmitted directly to the trust fund office in order that it can transmit the requested information to the Clerk's Office.

2

cures the current problems dealt with earlier) until discovery fleshes out the necessary information.

Finally, Dare has also tendered a Motion for Appointment of Counsel, again utilizing a Clerk's-Office-supplied form. On that score his failure to answer the question as to any efforts on his part to seek representation by counsel has been held by our Court of Appeals to bar such relief. Hence that motion is denied without prejudice.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: February 12, 2013