IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CHRISTOPHER DARE #20121217200,  )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  13 C 597
                                )
THOMAS DART, et al.,            )
                                )
            Defendants.         )
```

MEMORANDUM ORDER

This Court has been waiting for months for pro se plaintiff Christopher Dare ("Dare") to provide the necessary information to enable this Court to rule on his In Forma Pauperis Application ("Application," which speaks of "in forma pauperis" in the special sense that 28 U.S.C. §1915 has established for "prisoners"--that is, persons in custody). Because of Dare's continuing failure to provide the printout of transactions in his trust fund account as required by Section 1915(a)(2), this Court's March 19 memorandum order concluded by warning that Dare's failure to provide the required printout on or before April 5 would lead to a dismissal of this action for want of prosecution.

That has finally produced results, for on April 4 Dare submitted the necessary printout, which has disclosed that Dare was not taken into custody until December 18, 2012--just two days before the incident about which he complains in his pro se Complaint! That being so, the required calculation is

extraordinarily simple, because only a month's time frame must be accounted for, and because the only deposit to Dare's trust fund account that month was $24.07, so that the 20% calculation called for by Section 1915(b)(1) amounts to $4.80. Accordingly the Application is granted to the extent that Dare need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Dare is therefore assessed that initial partial payment of $4.80, and the Cook County Department of Corrections ("County Jail") trust fund officer is ordered to collect that amount from Dare's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Dare's name and the 13 C 597 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at County Jail (or at any other correctional facility where Dare may hereafter be confined) is authorized to collect monthly payments from Dare's trust fund account in an amount equal to 20% of the

2

preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

That also enables this Court to act on Dare's Motion for Appointment of Counsel ("Motion"), and that Motion is also granted.  Here is the member of this District Court's trial bar who has been designated to act in that capacity:

> Douglas C. Tibble, Esq.
> Brooks, Tarulis, Schaffer & Tibble, LLC
> 101 North Washington Street
> Naperville IL 60540

Finally, a status hearing is set for 9 a.m. June 28, 2013.  That should enable appointed counsel to arrange for service of process and move forward with the litigation (including an effort to obtain legible copies of Dare's grievance documents).

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 12, 2013